# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-0885V
Filed: April 5, 2019
UNPUBLISHED

| | |
|---|---|
| CARROLL SPICER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On June 28, 2017, Carroll Spicer ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received to her left shoulder on October 14, 2016. Petition at 1. On March 4, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 44.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).


On March 25, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 48. Petitioner requests attorneys' fees in the amount of $17,583.20 and attorneys' costs in the amount of $1,711.61. ECF No. 48-2 at 2. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 48 at 12. Thus, the total amount requested is $19,294.81.

On March 26, 2019, respondent filed a response to petitioner's motion. ECF No. 49. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Through email correspondence on March 26, 2019, counsel for petitioner notified the undersigned that petitioner does not intend to file reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I.      Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.  Attorney Fees

### A. Hourly Rates

Petitioner requests the following rates for work performed by attorney Jeffrey Pop and his staff:

|  | **2017** | **2018** | **2019** |
|---|---|---|---|
| Jeffrey S. Pop | $420 | $445 | $453 |
| Kristina E. Grigorian | $250 | $285 | $292 |
| Alexandra B. Pop | $225 | $255 | $262 |
| Law Clerks | $125 | $135 | $138 |

The requested rates for 2017 have previously been awarded and will be awarded herein. Mr. Pop and is staff has also been awarded rates for work performed in 2018.[3] *See Baum v. Sec'y of Health & Human Servs.,* No. 16-0766V, 2018 WL 2225388, (Fed. CL. Spcl. Mstr. February 22, 2018); *McDonald v. Sec'y of Health & Human Servs.,* No. 17-0149V, 2018 WL 2225799, (Fed. CL. Spcl. Mstr. February 26, 2018); *Benson v. Sec'y of Health & Human Servs.,* No. 16-1062V, 2018 WL 2772262, (Fed. CL. Spcl. Mstr. March 9, 2018); and *Gregory v. Sec'y of Health & Human Servs.,* No. 16-1360V, 2018 WL 3991278, *Fed. CL. Spcl. Mstr. February 22, 2018). The undersigned reduces the requested rates to those previously awarded for 2018, which consists of the following:

|  | **2018** |
|---|---|
| Jeffrey S. Pop | $420 |
| Kristina E. Grigorian | $250 |
| Alexandra B. Pop | $225 |
| Law Clerks | $125 |

This results in a reduction of the attorneys' fees requested in the amount of **$657.00**.[4]

For 2019, the undersigned finds the requested rate increases reasonable given the undersigned's experience, the analysis of the McCulloch factors as applied to Mr.

---

[3] Mr. Pop's firm had 40 judgments issued for the calendar year of 2018, wherein the rates cited were awarded.  ECF No. 48-1 at 6.

[4] This amount consists of ($445 - $420 = $25 x 13.3 hrs = $332.50) + ($285 - $250 = $30 x 0.3 hrs = $10.50) + ($255 - $225 = $30 x 9.5 hrs = $285) + ($135 - $125 = $10 x 2.9 hrs = $29) = $657.00.

Pop and his associates and that Mr. Pop has not requested a rate increase since 2016. The undersigned awards the requested rates for 2019 in full.

### III.     Attorney Costs

Petitioner requests reimbursement for attorneys' costs in the amount of $1,711.61. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorneys' costs sought.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,637.81[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jeffery S. Pop.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<div style="text-align:right">

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

</div>

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.